**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | |
|---|---|
| ESWIN JOSUE MALDONADO ORTIZ,<br><br>Petitioner,<br><br>vs.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT and WOODBURY COUNTY JAIL,<br><br>Respondents. | No. C26-4066-LTS-MAR<br><br>**MEMORANDUM OPINION AND ORDER** |

## *I. INTRODUCTION*

This case is before me on petitioner Eswin Josue Maldonado Ortiz's petition (Doc. 3) for a writ of habeas corpus under 28 U.S.C. § 2241. Maldonado Ortiz is an alien being held at the Woodbury County Jail as his removal proceedings are ongoing. *See* Doc. 3 at 1. In an initial review order (Doc. 2), I directed Respondents (collectively, the Government)[1] to respond to the petition, which they have done (Doc. 7). Maldonado Ortiz has replied (Doc. 11). Oral argument is not necessary. *See* LR 7(c).

## *II. BACKGROUND*

Maldonado Ortiz is a Honduran national who claims to have been living in the United States for the past 14 years. Doc. 3 at 9; Doc. 10-1 at ¶ 12. He is accused of having entered the country without inspection or without having been admitted or paroled at an unknown place and date. Doc. 10-2. He has no known criminal or immigration

[1] Although the Government's response is filed only on behalf of the federal respondents and not the state employees (Doc. 7 at 1 n.1), this order will apply to all respondents with equal force.

history, had been gainfully employed since entering the country, pays his taxes and is pursuing a U visa[2] as a victim of domestic violence. *See* Doc. 11 at 1–2.

Maldonado Ortiz was arrested in Sioux Falls, South Dakota, when he was pulled over for an unknown reason and a record check revealed a speeding warrant. Doc. 3 at 9. He was released from the Minnehaha County Jail the next day, served a Notice to Appear in removal proceedings and taken into ICE custody. Doc. 10-1 at ¶¶ 15–18.

## *III. STANDARD OF REVIEW*

Habeas corpus relief is available to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). For relief, a petitioner must prove by a preponderance of the evidence that his detention is unlawful. *Phongsavanh v. Williams*, 809 F. Supp. 3d 864, 867 (S.D. Iowa 2025).

## *IV. ANALYSIS*

There is no dispute that Maldonado Ortiz is detained under the mandatory detention provisions of 8 U.S.C. § 1225(b)(2), and therefore has no statutory right to release from detention. *See Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026) He contends that his detention nonetheless violates due process. "Detention during removal proceedings is," however, "a constitutionally permissible part of that process." *Demore v. Kim*, 538 U.S. 510, 530 (2003). Although I have recognized situations when these civil detentions trigger constitutional concerns, nothing about Maldonado Ortiz's circumstances place him in such a class. *See, e.g.*, *Garcia-Medel v. Mullin*, No. 26-cv-146, 2026 WL 2151823 (N.D. Iowa July 27, 2026); *Coronel Mejia v. Gardner*,

---

[2] A "U visa" (Form I-918) is a specialized non-immigrant visa for those who were victims of specified crimes in the United States and who "has been helpful, is being helpful, or is likely to be helpful" in investigating or prosecuting crime. 8 U.S.C. § 1101(a)(15)(U); *see also Barad v. Noem*, No. 25-cv-162, 2025 WL 1725322, at *3 (D. Neb. June 20, 2025). When approved, a U visa holder will receive lawful nonimmigrant status for up to four years. 8 U.S.C. § 1184(p)(6).

No. 26-cv-64, 2026 WL 1557466 (N.D. Iowa June 2, 2026). I leave open whether a protracted detention may later necessitate a bond hearing. At this time, however, I find that Maldonado Ortiz's detention does not violate his due process rights.

## ***V. CONCLUSION***

For the reasons set forth herein, petitioner Eswin Josue Maldonado Ortiz's petition (Doc. 3) for a writ of habeas corpus is **denied**.

**IT IS SO ORDERED** this 19th day of August, 2026.



Leonard T. Strand
United States District Judge